1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   LONNIE WILLIAMS,

11          Plaintiff,                    No. CIV S-11-0181 JAM DAD P

12      vs.

13   LEROY D. BACA et al.,

14          Defendants.              FINDINGS AND RECOMMENDATIONS

15   _____/

16          Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42

17   U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915.

18   This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule

19   302 and 28 U.S.C. § 636(b)(1).

20                              **28 U.S.C. § 1915(g)**

21          The federal in forma pauperis statute includes a limitation on the number of

22   actions in which a prisoner can proceed in forma pauperis.  The statute provides as follows:

23          In no event shall a prisoner bring a civil action or appeal a
            judgment in a civil action or proceeding under [§ 1915] if the
24          prisoner has, on 3 or more prior occasions, while incarcerated or
            detained in any facility, brought an action or appeal in a court of
25          the United States that was dismissed on the grounds that it is
            frivolous, malicious, or fails to state a claim upon which relief may

26

1

1   be granted, unless the prisoner is under imminent danger of serious
    physical injury.

2

3   28 U.S.C. § 1915(g).  "[T]he plain language of § 1915(g) requires that the court look at cases

4   dismissed prior to the enactment of the [Prison Litigation Reform Act] to determine when a

5   prisoner has used his three strikes."  Rodriguez v. Cook, 169 F.3d 1176, 1181 (9th Cir. 1999).

6   For purposes of § 1915(g), the court must determine whether plaintiff has, on

7   three or more occasions prior to the filing of this new action, brought a civil action or appeal that

8   was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon

9   which relief could be granted.  Where a court denies a prisoner's application to file an action

10  without prepayment of fees on the grounds that the submitted complaint is frivolous, malicious

11  or fails to state a claim upon which relief may be granted, the complaint has been "dismissed" for

12  purposes of § 1915(g).   O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008).

13  Here, court records reveal that plaintiff has accumulated well over three strikes in

14  the United States District Court for the Eastern District of California alone.  For example,

15  plaintiff suffered a strike for purposes of § 1915(g) on January 29, 2002, when the district court

16  dismissed Williams v. Corcoran State Prison, No. CIV F-01-5926 AWI HGB (E.D. Cal.) for

17  failure to state a claim.  He suffered another strike on February 28, 2002, when the district court

18  dismissed Williams v. Wood, No. CIV F-01-6151 REC LJO (E.D. Cal.) for failure to state a

19  claim.  Plaintiff suffered yet another strike on August 16, 2002, when the district court dismissed

20  Williams v. Rendon, No. CIV F-01-5891 AWI SMS (E.D. Cal.) for failure to state a claim.

21  There is an exception to the three-strike bar of § 1915(g) which allows a prisoner

22  to use IFP status to bring a civil action despite three prior dismissals where the prisoner is under

23  imminent danger of serious physical injury.  See Andrews v. Cervantes, 493 F.3d 1047, 1056-57

24  (9th Cir. 2007).  However, the imminent danger exception applies only "if the complaint makes a

25  plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the

26  time of filing."  Andrews, 493 F.3d at 1055 (emphasis added).  In this case, plaintiff alleges that

1   one or more of the defendants have been poisoning him by putting arsenic in his food.  As

2   Magistrate Judge Moulds recently recognized in one of plaintiff's many cases filed with this

3   court, plaintiff has been alleging arsenic poisoning since 2006 and the plausibility of his claim is

4   belied by the fact that plaintiff remains alive today despite alleged arsenic poisoning for more

5   than five years by dozens of prison officials.  See Williams v. Murray, Case No. CIV 11-0069

6   MCE JFM P (E.D. Cal.), Order filed June 10, 2011 (Doc. No. 9) at 3 (denying plaintiff's motion

7   for reconsideration of an order finding that § 1915(g) barred plaintiff from proceeding in forma

8   pauperis).  The undersigned agrees with the observations of Magistrate Judge Moulds and finds

9   that the imminent danger exception under § 1915(g) is not available to plaintiff in this case in

10   light of the implausibility of his allegations regarding the danger posed to him.

11          Accordingly, under these circumstances, the undersigned will recommend that

12   plaintiff's motion to proceed in forma pauperis be denied and that this action be dismissed,

13   unless plaintiff pays the full statutory filing fee within the twenty-one-day deadline to file

14   objections to these findings and recommendations.

15                              **CONCLUSION**

16          IT IS HEREBY RECOMMENDED that:

17          1.  Plaintiff's motion to proceed in forma pauperis (Doc. No. 2) be denied; and

18          2.  This action be dismissed without prejudice, unless plaintiff pays the full

19   statutory filing fee by the deadline for the filing of objections to these findings and

20   recommendations.

21          These findings and recommendations are submitted to the United States District

22   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-

23   one days after being served with these findings and recommendations, plaintiff may file written

24   objections with the court.  The document should be captioned "Objections to Magistrate Judge's

25   Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

26   /////

1   specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951

2   F.2d 1153 (9th Cir. 1991).

3   DATED: July 20, 2011.

4

5   _____
    DALE A. DROZD

6   DAD:9                                 UNITED STATES MAGISTRATE JUDGE
    will0181.56

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

4